497 P.2d 651

Leon PETERSON, Plaintiff and Respondent,

v.

George TURNER, an individual, and Spray Texture And Drywall Systems, Inc., a corporation, Defendants and Appellant.

No. 12633.

Supreme Court of Utah.

May 24, 1972.

· Don Blackham, Granger, for defendants-appellants.

Morgan, Scalley, Lunt & Kesler, Stephen G. Morgan, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a breach of contract judgment in connection with an apartment house construction job. Affirmed in part and reversed in part. No costs awarded.

■ Defendants mailed a written bid. No deadline for completion was mentioned. Instead of returning the bid with a signature on a line furnished for such purpose, the plaintiff accepted by mailing a note, so he says, not via the post office, nor by registered mail, but through the medium of some sort of unidentified mailman that traveled around Bountiful, Utah. Plaintiff retained no copy nor did he insist on any completion date. The trial court, obviously irritated by the lackluster business acumen of the experienced know-how of the litigants,—which know-how both eagerly endorsed,—evidently believed the plaintiff, which was possible when defendant Turner later had confirmed the contract in a telephone conversation, and in which he simultaneously broke the contract because, he said, he was too busy with other jobs that suspiciously appeared to be bigger and more desirable. Under the circumstances, we are constrained to affirm the judgment with respect to the breach, and part, but not all of the damages.

■ As to the damages urged by way of loss of rentals, the evidence, much of which was bordered on hearsay, certainly on self-serving statements, with no proffered prospective tenant list, nor any assurance of occupancy, together with the absence of any time of completion provision in the bid offered, the subject of this litigation, can and did lead only to a degree of speculation. The plaintiff contracted with another contractor to do the job for an amount $2,139 greater than the defendants' bid. The trial court gave judgment for that amount *plus* $1,200 for loss of rentals. For aught we know the $2,139 included or eliminated such loss of rentals by a speeded-up completion date. On the other hand the defendants could have taken their sweet time in completing the job not exceeding the reasonable time concept. There lies the susceptibility to speculation,—which calls for the Chancery principle that one may not pour vinegar on the sore back of another. We remand with instructions to eliminate the $1,200.

CALLISTER, C. J., and ELLETT, TUCKETT, and CROCKETT, JJ., concur.